IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

CASEY FLOURNOY #B11561,           )
                                  )
               Plaintiff,         )
                                  )
     v.                           )    No.  10 C 5254
                                  )
TERRY L. McCAIN, et al.,          )
                                  )
               Defendants.        )

                   MEMORANDUM OPINION AND ORDER

     Casey Flournoy ("Flournoy") sought to initiate a pro se 42
U.S.C. §1983 ("Section 1983") action by filing only the original
of a lengthy (35 page) Complaint, together with the originals of
(1) handwritten "Motion To Proceed In Forma Pauperis"
("Application") and (2) a Clerk's-Office-provided form of Motion
for Appointment of Counsel ("Motion").  That limited filing meant
that Flournoy had violated the provisions of this District
Court's LR 5.2(f), which requires the delivery of a paper copy of
every court filing to serve as the assigned Judge's chambers
copy.  This Court learned of the existence of the litigation only
through its August 19, 2010 receipt of the one-page attached
communication from the Prisoner Correspondence office of this
District Court.

     This Court entered an August 27 memorandum order that drew
Flournoy's attention to his noncompliance with the responsibility
imposed on him by LR 5.2(f), pointing out this Court's consequent
inability to rule on the Application and Motion, and notifying

Flournoy that a continued failure on his part to comply on or before September 10 would result in a dismissal for want of prosecution.

Flournoy's response really beggars description.  Instead of this Court attempting to essay an extraordinarily difficult effort to characterize his filing faithfully, this memorandum opinion and order attaches the first seven pages of the response, omitting Flournoy's 80 pages of exhibits (a great many of which are closely handwritten and are really impenetrable, both physically and as a matter of substance).

In those seven pages Flournoy charges the existence of a multiparty criminal conspiracy to kill him and also to cause heart attacks, strokes and death for other inmates at Stateville Correctional Center, where Flournoy is in custody.  That alleged conspiracy has involved tampering with commissary items and placing poison in chili noodles and peanut butter packs, activities assertedly undertaken by informants who are assertedly trying to kill Flournoy, activities that Stateville officials--also coconspirators--have allegedly authorized.[1]

It is painfully apparent that Flournoy's allegations are so fanciful as to fail the frivolousness standard that was earlier

---

[1] According to Flournoy, the coconspirator informants open the commissary items, insert the poison and reseal the items, either with invisible glue or with the use of fire to heat metal fingernail clippers for that purpose.

2

articulated in <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) and <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992) and--to use the more recent "plausibility" requirement articulated by the Supreme Court in the <u>Twombly</u>-<u>Iqbal</u> duo--fail to satisfy that requirement. Accordingly this Court denies the Application, and it relatedly denies the Motion as moot.[2] Both the Complaint and this action are dismissed.

That, however, does not complete matters, because 28 U.S.C. §1915(b)(1)[3] provides that any prisoner who institutes a lawsuit must pay the full $350 filing fee, although that can be done in installments. Here Flournoy provided, as an attachment to the Application, a statement of transactions in his trust fund account at Stateville for the period from August 1, 2009 to January 21, 2010, rather than for the six months that are made relevant by Section 1915(a)(2). For the latter purpose this Court will credit the July 14, 2010 date that Flournoy placed on the Motion, rather than the August 19 date when his original documents were received in the Clerk's office (thus giving Fluornoy the benefit of the "mailbox rule").

---

[2] Because Flournoy did not provide an answer to the Motion's inquiry as to what steps he had taken to obtain counsel on his own, something that is required by our Court of Appeals to be shown before consideration can be given to a pro bono appointment, the Motion would have had to be denied on substantive grounds in any event.

[3] All further references to Title 28's provisions will simply take the form "Section--."

To enable this Court to make the required calculation provided for in Section 1915(b)(1), a copy of this opinion is also being transmitted to the Stateville institution, so that the trust fund officer there can transmit to this Court a statement as to all transactions in Flournoy's trust fund account for the months of January through August 2010 (that statement should be sent to this District Court with a specific reference to Flournoy's name and Case No. 10 C 5254). This Court will then provide a definitive ruling as to Flournoy's required initial payment toward the filing fee and as to future payments as well.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 23, 2010